**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

URSULA RIVAS-MEJIA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

**CASE NO.** 5:26-CV-04516-AH-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On July 23, 2026, Petitioner Ursula Rivas-Mejia ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") in the Eastern District of California. (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that she is being held in violation of the Constitution and laws of the United States. (*See generally id.*) The Petition names as Respondents Markwayne Mullin, Secretary of DHS; Todd Blanche, Attorney General, Department of Justice; Poly Kaiser, Field Office Director, San Francisco Field Office, ICE; Todd Lyons, Acting Director, ICE; Acting Warden, Warden of Immigration Detention Facility,

Adelanto Ice Processing Center ("Respondents"). (*Id.* at 1.[1]) After Respondents filed a motion to dismiss for improper venue (ECF No. 8) the case was ordered transferred to this Court (ECF No. 9). On August 18, 2026, Respondents filed an Answer to the Petition stating that they "are not presenting an opposition argument at this time." (Ans., ECF No. 15, at 2.) Under the standard briefing schedule set pursuant to General Order No. 26-05, this *pro se* Petitioner's reply is not due until 14 days after service of the Answer, but in light of Respondents' decision not to oppose the Petition, there is no reason to delay ruling in this matter. For the reasons set forth below, the Court GRANTS the Petition and ORDERS Plaintiff's immediate release.

## II. BACKGROUND

The Petition alleges that Petitioner is a citizen and national of El Salvador. (Pet. ¶ 33.) At some time after arriving, Petitioner was processed by DHS/ICE, it was determined that she was not a flight risk or danger, and she was released on her own recognizance. (*Id.* at ¶¶ 2–3, 33–34.) Thereafter, Petitioner was under ICE supervision, obtained an Employment Authorization Document, and complied with all routine ICE check-ins. (*Id.* at ¶¶ 4–5, 33, 35.) Petitioner has not been convicted of any crimes or violated any terms or conditions of her release from immigration custody. (*Id.* at ¶¶ 37–38.) However, on July 7, 2026, Petitioner was arrested and re-detained during a routine ICE check-in. (*Id.* at ¶ 36.) Petitioner was not provided with notice or a pre-deprivation hearing prior to her re-detention, and she was not provided with a bond hearing. (*Id.* at ¶¶ 8, 39–40.)

The Answer neither disputes these allegations nor provides additional facts or exhibits. (*See generally* Ans.)

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

## III. PETITIONER'S CLAIMS

Petitioner challenges her detention on four grounds: (1) Violation of the Fifth Amendment Due Process Clause (Pet. ¶¶ 117–118); (2) "Statutory Violations" (*id.* at ¶¶ 119–120); (3) "Substantive Due Process Violation" (*id.* at ¶¶ 121–123); and (4) "Procedural Due Process Violation" (*id.* at ¶¶ 124–126). She seeks, *inter alia*, immediate release from custody under the same conditions to which she was subject prior to her re-detention and a permanent injunction prohibiting Respondents from re-detaining Petitioner without providing her with notice and a pre-detention hearing at which Respondents have the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk, after considering if any alternatives to detention could sufficiently mitigate that risk. (*Id.* at ¶¶ 127–136.) Respondents do not oppose any of Petitioner's requests. (Ans. 2.)

## IV. DISCUSSION

The Petition alleges that Petitioner's re-detention, without an individual hearing before a neutral decisionmaker at which Respondents bear the burden of establishing, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk, violates due process. (Pet. ¶¶ 117–118.) She argues that she is therefore entitled to immediate release from custody and a permanent injunction prohibiting Respondents from re-detaining her without a bond hearing in the manner just described. (*Id.* at ¶¶ 129, 130–132.) Respondents do not argue otherwise. (Ans. 2.)

In light of Respondents' explicit statement that they are not presenting any opposition argument, the Petition is granted based on Respondents' non-opposition to the relief sought. *See Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition,

including a Fifth Amendment due process claim); *Singh v. Chiang*, No. 25-cv-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *see also Padilla Barrera v. Mullin*, No. 26-cv-01655-FLA (DFM), 2026 WL 1217090, at *1 (C.D. Cal. Apr. 21, 2026) (granting unopposed habeas petition and unopposed application for a temporary restraining order based on respondents' statements that they were "not presenting an opposition argument at this time"). "In our adversarial system of adjudication, we follow the principle of party presentation. . . . '[I]n both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). While exceptions may be made in criminal cases to protect the rights of pro se defendants, "as a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *Id.* at 375–76 (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment)) (alteration in original). In fact, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions presented by the parties. *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (citing *Sineneng-Smith*, 590 U.S. at 375–76).

Here, Respondents are represented by competent counsel, have full access to all the relevant facts concerning Petitioner's detention, and have expressly declined to oppose Petitioner's request for immediate release and injunctive relief. If Respondents—those responsible for holding Petitioner in custody—do not put forward any lawful basis to justify that custody, it would violate the party

///

presentation principle for this Court to generate reasons on its own. On this basis, it is appropriate to grant the relief requested.

## V. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Petition is GRANTED;
2. Respondents are ORDERED TO RELEASE **Petitioner Ursula Rivas-Mejia (A 099-473-699)** from custody within 24 hours from the date of entry of this Order under the same conditions that were in place prior to her re-detention;
3. Respondents are ORDERED TO FILE a Notice of Compliance, notifying the Court that Petitioner has been released, within three calendar days from the date of entry of this Order;
4. Respondents are ENJOINED from re-detaining Petitioner without providing her with notice and a pre-detention hearing at which Respondents have the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk, even after considering whether any alternatives to detention could sufficiently mitigate that risk; and
5. Judgment will be entered upon filing of the Notice of Compliance.

DATED: August 21, 2026

HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE

Presented by:

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE